**Clifford B. WHITE, Sr., Appellant,**

v.

**Boyd LEMLEY, Respondent.**

No. 47238.

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1959.

Strubinger, Tudor, Tombrink & Wion, St. Louis, Jay White, White & White, Rolla, for appellant.

Dewey A. Routh, Rolla, Gerald F. Branigin, Franklin, Ind., for respondent.

WESTHUES, Judge.

Plaintiff filed this suit in the Phelps County Circuit Court to recover from the defendant the sum of $65,000 as the reasonable value of services rendered to the defendant at his verbal instance and request. A trial was had before the court without a jury and a judgment was entered in defendant's favor. Plaintiff, after being unsuccessful in obtaining a new trial, appealed to this court.

It was defendant's trial theory, as it is here, that plaintiff may not recover on a quantum meruit basis because plaintiff's and the defendant's relationship was that of a partnership or joint adventure. Defendant says that the agreement concerning compensation was that plaintiff was to receive his expenses and 50% of the profits; that plaintiff has been paid his expense account and that there were no profits.

Plaintiff says that he may waive the contract and sue on quantum meruit. He claims

that defendant wrongfully prevented plaintiff from completing his service.

Plaintiff's petition contains the following allegations:

"Plaintiff states that starting in January, 1949, and continuing until on or about the 18th day of December, 1950, the plaintiff at the special verbal instance and request of defendant did render full time services as general business manager, expert construction engineer and field representative of defendants business in the erection and construction of electric transmission lines for the transmission and conduction of high tension electric current, * * *.

"Plaintiff states that the defendant agreed to pay the plaintiff for the reasonable value of his aforementioned services, plus expenses incurred by plaintiff in rendering said services as aforesaid."

Plaintiff further alleged that he had fully performed his duties and had obtained contracts in various states but that on December 18, 1950, defendant wrongfully prevented plaintiff from completing the work.

Defendant, in his answer, stated that "the plaintiff agreed with defendant that if defendant would contribute Eight Thousand Five Hundred ($8,500.00) Dollars to a business to be operated by defendant under name and style of Franklin Electric Company to erect and construct electric transmission lines, the plaintiff would serve as superintendent, in consideration of the payment to him of all of his expenses and fifty per cent (50%) of the net profits of contracts performed by said Boyd Lemley under such name, such payments to be made at such time as said plaintiff was able to make an arrangement with his creditors; that all of such expenses due plaintiff have been paid in full; that no net profits were earned, but on the contrary large losses were incurred by defendant in the performance thereof."

The evidence was that a number of contracts for the construction of certain projects were obtained by plaintiff and were fully performed. In December, 1950, disagreements arose which culminated in plaintiff's being relieved of his duties through a court proceeding. At that time, two projects were in the process of construction. One of these was the construction of "a high voltage transmission line" between Rolla, Missouri, and Lebanon, Missouri. Plaintiff, while supervising this work near Rolla, was served by the sheriff of Phelps County with an injunction writ, issued on defendant's petition, which prevented him from participating further in the construction work. Plaintiff admitted that all of his expenses in connection with his work had been paid. Defendant admitted that plaintiff had received payment for his expenses but had not been paid anything for his services.

The question for our decision is, can plaintiff recover for his services on a quantum meruit basis or should he have asked for an accounting or brought a suit for damages? The answer depends on the evidence presented at the trial of the case. As may be noted from the allegations of plaintiff's petition, set forth supra, plaintiff stated that defendant had agreed to pay plaintiff for the reasonable value of his services. Plaintiff's evidence, in our opinion, does not support the allegations made. We quote from his evidence:

"Q. (by Mr. White) Now, at the time of your—that you was relieved of your authority and discharged, was you ready, willing and able to proceed on with the employment as you had been doing with this construction out here as described in the evidence? A. Yes, sir.

"Q. And during all the period of time which is testified in evidence about the progress of and your employment with the Franklin Electric Company, was there ever any accounting made to you for profits— A. No.

"Q. —or losses? A. No."

It must be noted here that plaintiff considered the defendant Boyd Lemley and the Franklin Electric Company as one, that is, that Franklin Electric Company was wholly owned by Lemley. Further questioning of this witness revealed the following:

"Q. (by the Court) Since this case is being tried without a jury, so that the Court has to pass on the facts, I'd like to ask you two or three questions, Mr. White. A. Yes, sir.

"Q. I understood you to say that you had some oral agreement with Mr. Lemley, the defendant, when you first started working for him? A. Yes, sir.

"Q. And just—again, just what was that agreement? A. The agreement were at the beginning that I would make the necessary contracts—contacts of the various concerns that had this type of work to be done and he would furnish me transportation and expenses to make those contacts. If and when contracts were obtained, why he would furnish the material,—I mean, the equipment in the value of $10,000.00 against my time and experience in the business, and, at the expiration of that $10,000.00 payment, why I would receive fifty percent of the profit.

"Q. Did you have any other, or different agreement during this period that you've been talking about from early 1949 to December, 1950? A. No, sir."

The defendant, Boyd Lemley, was also asked about the agreement. Note the evidence of this witness:

"Q. In the winter of 1949 did you become acquainted with Clifford B. White, Sr.? A. Yes, sir.

"Q. What was the occasion for the meeting? A. Well, we got into an agreement with him on doing line construction, going into the line construction business.

"Q. Did you have some kind of agreement with him? A. Yes, sir.

"Q. Was it oral or written? A. Oral.

"Q. What was the agreement? A. Well, I was to put about $10,000 in equipment and he was to operate the equipment and a part of the profit would go to him if and when I got my money back out of the said equipment."

We are of the opinion that plaintiff cannot recover in this case on a quantum meruit basis and that the trial court was right in entering a judgment for the defendant. A similar situation was before the St. Louis Court of Appeals in the case of Pemberton v. Ladue Realty and Construction Co., 237 Mo.App. 971, 180 S.W.2d 766. In the Pemberton case, as in the one before us, the plaintiff and defendant entered into a joint-enterprise agreement. Defendant was to furnish the finances and plaintiff was to devote all of his time and attention to the development of the project and be entitled to receive one half of the net proceeds. When defendant breached the contract, plaintiff filed suit and obtained a judgment for $7,033 on a quantum meruit basis. The Court of Appeals reversed the judgment. The ruling was based on the theory that the plaintiff was a partner in a joint enterprise and could not recover on quantum meruit. Many authorities were there cited and reviewed sustaining the court's ruling. In the case of Schroer v. Schroer, Mo., 248 S.W.2d 617, this court had a similar case before it. However, in the Schroer case, the plaintiff filed a suit to dissolve the partnership and for an accounting. Plaintiff obtained a judgment for $17,606.24 which this court affirmed. This court held that the plaintiff had pursued the correct remedy. The Court of Appeals, in the Pemberton case, supra, 180 S.W.2d loc. cit. 771 (4–7), stated that in such a case a "plaintiff has a cause of action at law for breach of contract, or he might sue in equity for formal dissolution and accounting."

Plaintiff cited a number of cases to support his theory that he may sue on quantum meruit. He says that where a plaintiff was prevented by defendant from completing his services, he may sue for the reasonable value of the services rendered. We have examined the cases cited. In each case, there was a contract or agreement to pay plaintiff for his services. The agreement in each case was not one of a joint enterprise where the partner agreed to share the profits. For example, in the cited case of Bailey v. Interstate Airmotive, Inc., 358 Mo. 1121, 219 S.W.2d 333, 8 A.L.R.2d 710, the defendants had agreed to pay plaintiff for his services and in addition to salary payments to deliver to him a portion of the common stock of a corporation. He was wrongfully discharged and this court held that he could maintain an action for the reasonable value of his services. In Rodgers v. Levy, Mo.App., 199 S.W.2d 79, a contractor, who was prevented from completing a contract for the erection of a building, was held to have a choice of suing on his express contract or on quantum meruit for the labor and material furnished. It was there pointed out that if a plaintiff chose to sue for the reasonable value of his services, his recovery could in no case exceed the amount specified in the contract. Other cases cited by plaintiff have been examined. All hold that there must be either an express or implied agreement to pay for the work or materials furnished to authorize a suit on quantum meruit. In the case 'before us, if defendant had agreed to pay plaintiff for his services and had breached his contract, plaintiff could have maintained his present action. However, plaintiff and defendant both testified that defendant was to provide about $10,000 to purchase equipment and plaintiff was to devote his entire time in obtaining contracts and supervising the construction work. Plaintiff was to be paid his expenses and if and when the profits were sufficient to repay the $10,000, then, and only then, plaintiff and defendant were to share the profits. No salary or compensation for work was agreed

upon except to share in the net profits. In such a situation, quantum meruit may not be maintained.

The judgment of the trial court is hereby affirmed.

All concur.