Donald L. KOLB, Plaintiff-Appellant,

v.

Jack DIETZ, Defendant-Respondent.

No. 33586.

St. Louis Court of Appeals,
Missouri.

April 28, 1970.

---

1. All statutory references are to RSMo 1959, V.A.M.S.

**634**

Nations & Yocum, Clayton, for plaintiff-appellant.

Gunn & Gunn, St. Louis, for defendant-respondent.

SMITH, Commissioner.

The judgment appealed from is the result of a directed verdict against plaintiff entered at the close of plaintiff's case in a jury tried case. Plaintiff's amended petition was in two counts, but an election to proceed on Count I was made at the close of plaintiff's evidence so Count II need not concern us.

Count I alleged that the parties entered into an oral agreement in the spring of 1964 to form a partnership for the operation of a golf driving range in St. Louis County. The agreement was that plaintiff would hold a minority ownership in the operation, defendant a majority ownership. Plaintiff was to contribute no more than $10,000 in cash for improvements and equipment, would contribute his time to the development of the range and his skill as a plumber to improve existing buildings on the proposed driving range. Plaintiff alleged he devoted at least 428 hours to planning, supervision, development and improvement of the range between the date of the oral agreement and March 28, 1965, in reliance upon the agreement. On March 26, 1965, at the request of defendant, plaintiff withdrew $3200 from his savings account for the purchase of golf balls and other equipment and turned a check for this amount over to defendant who accept-

ed it. Several days later the check was returned by defendant to plaintiff and defendant advised plaintiff that he could not get the land required and the whole deal was off. Shortly thereafter defendant did acquire the land and purchased balls and equipment. Plaintiff sought judgment for the lost interest on the $3200 and the reasonable value of his services in the amount of $4280. Defendant's answer was a general denial of all allegations.

Plaintiff's evidence was sufficient to establish the allegations of his petition and would support the conclusion that defendant's statement he could not obtain the land was not true and that defendant breached whatever agreement existed between the parties. After this statement and the return of plaintiff's check defendant did open the driving range and was still operating it at the time of trial.

The testimony also developed the existence of a written document dated March 26, 1965, and entitled Article of Co-partnership, signed by both parties. We find it unnecessary to set out in full this agreement but certain language is to be noted. The agreement is stated as "The parties above named have agreed to become co-partners in business to operate a golf driving range and by these presents do agree to be co-partners together."

The next paragraph begins "And also, that they shall and will at all times during the said co-partnership; bear, pay, and discharge equally between them, all rents, and other expenses that may be required for the support and management of the said business * * *"

Thereafter the document contains this language "And also, the said co-partners, once in, whenever deemed necessary, shall make, yield and render, each to the other, a ture (sic), just and perfect inventory and account of all profits and increase by them, or either of them made * * *"

Defendant's motion for directed verdict was premised upon the theory that plain-

tiff's case established that the parties were partners at the time of defendant's repudiation of their agreement, that no evidence was presented of an express or implied agreement to pay for the work furnished, and that no evidence was presented of damages based upon a loss of the prospective profits of the enterprise. As previously indicated this motion was granted on the ground that the evidence showed as a matter of law "that plaintiff and defendant formed a partnership and hence the plaintiff cannot maintain against defendant an action for services rendered." It was the court's opinion that White v. Lemley, Mo., 328 S.W.2d 694 was controlling.

White v. Lemley, *supra,* involved a situation where plaintiff and defendant entered into a business relationship under which defendant would provide certain capital and plaintiff would provide services, and after defendant had recouped his capital they would share profits equally. Plaintiff contended that he was wrongfully prevented from completing his service, and that he was entitled to waive the contract and sue for quantum meruit for the services rendered. The parties had operated for some period of time under their agreed arrangement which the court found to be a partnership. It was held that no promise, express or implied, to pay for the services rendered was made and that the only agreement for remuneration was that the parties would share in the profits. Under such circumstances an action for quantum meruit could not be maintained. See also Pemberton v. Ladue Realty and Construction Co., 237 Mo.App. 971, 180 S.W.2d 766, which presented a similar situation. Both *White* and *Pemberton* expressly ruled that although quantum meruit would not lie under the circumstances there, the plaintiff could maintain an action at law for breach of the partnership contract or he might sue in equity for formal dissolution and accounting.

The parties here, faced with these two decisions, have taken opposite positions on whether or not the parties had actually formed a partnership or had entered into an agreement to form a partnership in the future. We do not consider this to be the crucial issue in the case for reasons discussed hereafter, but it does have a bearing on the issues. Which position is correct is essentially a question of the intent of the parties, which must be gleaned from the facts of the particular case. Goodwin v. Winston, Mo.App., 230 S.W.2d 793[3]; Fyock v. Riales, Mo.App., 251 S.W.2d 102. If reasonable minds could differ on what that intent was it presents a question of fact for the jury. Fyock v. Riales, *supra,*

[1-4]. In determining the correctness of the court's action we review the evidence in the light most favorable to plaintiff. We are unable to conclude that the written document executed on March 26, 1965, between the parties definitely determines the question of intent either way. It states that the parties have agreed to become co-partners in business *to operate* a golf driving range and do agree *to be* co-partners together. On March 26, 1965, there was no golf driving range in operation. The language of the document utilizes the future tense throughout and states "the said co-partners, *once in*" with no explanation of the emphasized language. If the document was to be immediately effective we cannot understand the use of the term *"once in."* Plaintiff's testimony, which came in without objection, was that he did not consider himself a partner until the range was actually open for business, and that the document executed was an agreement to become partners at that time. Plaintiff testified that, after being advised that the "deal" was off, he at defendant's request returned his copy of the March 26 agreement to defendant who indicated his intention to burn both copies. Such action is more in keeping with an agreement to form a partnership in a business which could not then be operated, than with an extant partnership where rights and liabilities had already accrued. Defendant points to one answer of plaintiff on cross-examination that plaintiff considered the parties had verbally formed a partnership.

But taken in the context of the testimony preceding it,[1] we believe such testimony can equally well be interpreted to mean that plaintiff believed they had verbally agreed to the formation of a partnership which agreement to form was expressed in the March 26 writing.

Plaintiff's testimony throughout was that it was the intention of the parties to work together to prepare a golf driving range for operation, which they would then operate in partnership. Because verdict was directed at the close of plaintiff's case we, of course, have no knowledge of defendant's evidence on the formation of the partnership. The written document is ambiguous, and the conduct of the parties from 1964 on does not as a matter of law establish their intent either way. We simply hold that the evidence presented by plaintiff does not as a matter of law warrant a determination of the intention of the parties.

Furthermore, we do not believe that *White* and *Pemberton* preclude plaintiff from recovering even if a partnership did exist on the evidence adduced during plaintiff's case.

Those cases follow the prevailing rule in this country that the nature of a partnership is such that upon its termination the rights of the parties are to be determined through dissolution and accounting, not by an action at law. The rule seems to be based upon the belief that the complicated accounting required to establish the rights of the parties and third persons is not a proper subject for jury consideration but is better left to equity. The numerous exceptions to this general rule involve, by and large, those circumstances where no complicated accounting is required, where the transaction is related to but not actually a part of the partnership business, or where the termination is wrongful and damages for the breach are sought. Review of the cases supports the conclusion that no hard and fast rule can be laid down, and that where the nature of the partnership transaction is such that it presents no great difficulty for a jury to resolve, a proceeding in equity is not required. For an extensive discussion and analysis of this rule and its exceptions see 21 A.L.R. 21, supplemented by 58 A.L.R. 621 and 168 A.L.R. 1088.

Defendant very candidly admits that he may have liability for breach of contract of a partnership agreement or for an accounting in equity, but denies any liability under a quantum meruit theory. We agree that *White* and *Pemberton* state that either an action for breach of contract or for accounting would lie. What we do not agree with is that this action is for quantum meruit. Plaintiff's pleading does not allege any agreement express or implied by defendant to reimburse him for the work which he performed. What plaintiff has alleged is that defendant and he agreed to be partners in a golf driving range, that in reliance on that agreement plaintiff expended time contemplated by that agreement to prepare the facilities for the operation of the business, that after he had made his contribution (at least in part) defendant breached their agreement (whether a partnership or only an agreement to become partners) prior to the commencement of business, and excluded plaintiff from the operation of the business and the

---

1. "Q. But you did not consider yourself a partner after you signed this piece of paper here?
"A. I don't understand what you're getting at.
"Q. I want to know if you considered yourself a partner with Mr. Dietz based on the statement you signed.
"A. This is just a piece of paper on the form of the partnership. Yes, I think we were partners verbally without writing. This is something we put into writing or I put into writing to show we were going to form a partnership out there and have some evidence of it.
"Q. You say you considered you had verbally formed a partnership, is that correct?
"A. Yes."

prospect of any profits. Plaintiff sues to recover as damages the contribution which he has made which has been appropriated by defendant improperly. Because he seeks to value that contribution by the reasonable value of the services does not mean he seeks recovery under quantum meruit. It means simply that he has expended services worth a certain amount in reliance on a contract breached by defendant. "Reasonable value" is his measure of damages, not his theory of recovery. In both *White* and *Pemberton* the partnership business had commenced and the partners' contributions had become a part of the partnership entity. Under those circumstances it would, of course, be unfair, even following breach, to permit one partner to remove his contribution from the partnership without regard to whether such contribution in fact represented his then existent pro rata share of the assets of the partnership. There, a deposed partner may very well be limited to his share of the partnership assets (determined by equitable accounting) or for the legally provable lost profits of the established business. But defendant here has breached before the partnership business could even be started, and has kept plaintiff's contribution to that business which defendant now operates as his own. Under those circumstances plaintiff may maintain his action for breach of contract and seek to recover that which he has contributed to the business. Eastman v. Dunn, 34 R.I. 416, 83 A. 1057. We could hardly conceive that if that contribution had been in the form of cash any court would refuse to allow plaintiff to recover as damages the amount of that contribution. A party's contribution to a partnership may be money, property, skill or labor or some or all of these. Stone v. Guth, 232 Mo. App. 217, 102 S.W.2d 738[3]. Here plaintiff's contribution was in the form of skill and labor for which he seeks reasonable compensation. This he should be able to recover as damages, along with any interest he may have lost in his savings account as a result of furnishing his money to defendant prior to defendant's breach. For us to hold other than we do would require us to force plaintiff either to recover anticipated profits, highly speculative at best with a business which had not yet started operation, or to attempt dissolution and accounting of the partnership, an unnecessary process under the facts here.

■ There is nothing in the record before us which would require us to conclude that the relief which plaintiff seeks cannot be correctly and easily determined by a jury. No complicated accounting is necessary to determine what plaintiff contributed in reliance on the agreement.

■ A breach of a contract to form a partnership allows recovery for damages sustained. Byrd v. Fox, 8 Mo. 574; Bailey v. Interstate Airmotive Inc., 358 Mo. 1121, 219 S.W.2d 333. *White* and *Pemberton* hold that a similar action lies for breach of a partnership agreement. Plaintiff's action here is for breach of contract in which he seeks to recover as damages his contribution made under the agreement.

■ Whether the relationship between the parties was one of partnership in futuro or in praesenti, if defendant breached under the circumstances presented by plaintiff's evidence, plaintiff can recover his damages sustained by his reliance on either contract, and the court erred in directing a verdict for defendant. Judgment is reversed and cause remanded for new trial.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the judgment is reversed and cause remanded for new trial.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.