Elmer GHERTNER, Appellant,

v.

Donn H. LIPTON, Irving Lipton, Marilyn G. Lipton, and Lipton Realty Company, Grado, Inc., Oreon E. and R. G. Scott, Inc., Respondents.

No. 39162.

Missouri Court of Appeals, St. Louis District, Division 1.

Feb. 28, 1978.

Norbert M. Reker, St. Louis, for appellant.

Susman, Stern, Heifetz, Lurie, Sheehan, Popkin & Chervitz, Richard J. Sheehan, Pat L. Simons, St. Louis, for respondents.

McMILLIAN, Judge.

Appellant Elmer Ghertner appeals from a judgment entered in the circuit court of the City of St. Louis granting respondents' motion to dismiss for failure to state a claim upon which relief could be granted and because the action was barred by the statute of limitations. For reversal appellant argues that the trial court erred in granting the motion to dismiss because (1) the petition set forth sufficient facts to invoke substantive principles of law which may entitle him to relief and (2) the statute of limitations is inapplicable because the partnership is still in existence. We do not agree and, accordingly, affirm the judgment.

The basic facts, according to the petition, are that sometime prior to November 3, 1969, appellant discovered that the Kingsbury Apartments were available for purchase. Appellant believed this property constituted a profitable investment opportunity but was unable.to arrange adequate financing on his own. Appellant then contacted respondent Donn Lipton, who had contacts with a church organization that could finance the purchase of the property, and proposed that they combine their vari-ous skills and resources to take advantage of this investment opportunity. Lipton agreed. Appellant obtained two option contracts but purchase of the property was never completed due to lack of adequate financial arrangements. The second option contract expired June 15, 1970.

Sometime after June 15, 1970, respondent Donn Lipton entered into negotiations with the managing agents of the apartments on his own behalf. The apartments were subsequently purchased by a Lipton corporation, respondent Grado, Inc., on or about October 2, 1970, and leased to the St. Louis Housing Authority for a ten-year term, at $46,200.00 per year. The negotiation, purchase and lease were not disclosed to appellant. Appellant filed this action for damages on March 1, 1976, more than five years after the attempted purchase in June, 1970. Respondents' motion to dismiss was granted on March 23, 1977, and the dismissal is the basis of this appeal.

Appellant first argues that the trial court should not have granted respondents' motion to dismiss because his petition alleges facts which invoke principles of substantive law which may entitle it to relief, e. g., *Brolinson v. Brolinson*, 564 S.W.2d 911 (Mo.App.1978); *Watson v. Franklin Finance*, 540 S.W.2d 186, 188 (Mo.App.1976). Appellant contends that the petition sets forth a series of transactions between himself and respondent Donn Lipton which indicate the formation of a partnership or a joint venture to accomplish a particular real estate transaction. Appellant basically alleges that respondent Donn Lipton has committed a breach of fiduciary duty by using partnership information for his own benefit and excluding appellant from sharing any of the profits thus realized, § 358.-210 RSMo 1969; e. g., *DeFabio v. Mackey*, 493 S.W.2d 355, 359 (Mo.App.1973).

■ Although under modern pleading principles a petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts which would entitle him to relief, e. g., *Laclede Gas Co. v. Hampton Speedway Co.*,

520 S.W.2d 625, 630 (Mo.App.1975), we do not reach the question of the appropriateness of the trial court's dismissal of the petition for failure to state a claim in this case because the petition is barred by the applicable statute of limitations, § 516.-120(1) RSMo 1969. See *Schnabel v. Taft Broadcasting Co.*, 525 S.W.2d 819, 821 (Mo. App.1975); *Household Finance Co. v. Avery*, 476 S.W.2d 165, 168 (Mo.App.1972). We do not agree with appellant's argument that the claim is not barred because the partnership has neither been terminated by dissolution nor any winding up of partnership business and respondents continue to transact business within the scope of the partnership agreement (collect rent from the apartments).

▆▆▆▆ Regardless of the possible merit of the allegations stated in appellant's petition, appellant has simply delayed too long and is time-barred. The second option contract expired in June, 1970, and respondent Donn Lipton caused the property to be purchased in October, 1970. Whatever the exact theory of appellant's action, whether for damages for breach of a partnership agreement [1] or for breach of a contract to form a partnership or a joint venture [2] or for an accounting,[3] appellant did not bring this action until March, 1976, more than five years later. Section 516.120(1) RSMo 1969 requires the bringing of "all actions upon contracts, obligations or liabilities, express or implied," within five years. Therefore, the petition is barred.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.

1. Assuming the existence of a partnership, dissolution of the partnership occurred either in June, 1970, when the second option expired or in October, 1970, when respondent Donn Lipton arranged the acquisition of the property. See §§ 358.290, 358.310 RSMo 1969.

2. If appellant argues that although there was no actual partnership but instead an oral agreement to form a partnership to take advantage of this particular real estate opportunity, *see, e. g.*, *Kolb v. Dietz*, 454 S.W.2d 632 (Mo.App. 1970); *Goodwin v. Winston*, 241 Mo.App. 357, 230 S.W.2d 793 (1950), appellant's claim for damages for breach of this agreement is barred by the statute of limitations.

3. Appellant's right to an accounting of his interest in the partnership, assuming the existence of a partnership and breach of the partnership agreement, accrued at the time of breach upon dissolution in June or October of 1970. § 358.430 RSMo 1969.