### FINANCIAL GUARDIAN, INC.,
**Apellant,**

v.

### James D. KUTTER, Respondent.

#### No. 44332.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 26, 1982.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 19, 1982.

Application to Transfer Denied
March 16, 1982.

William B. Smith, St. Louis, for appellant.

Kenneth C. Brostron, St. Louis, for respondent.

CRIST, Judge.

Appellant, Financial Guardian, Inc., entered into a employment contract with respondent James D. Kutter on July 1, 1975. This contract contained a convenant not to compete for three years after leaving the employ of Financial Guardian. Financial Guardian's petition, filed February 5, 1981, sought injunctive relief, money damages and an accounting for monies received by Kutter as a result of an alleged breach of the covenant. Financial Guardian's petition incorporated the employment contract, asserted that the contract was not renewed on July 1, 1979, that Kutter continued in

the employ of Financial Guardian until May 31, 1980, and that Kutter had become associated with a competing insurance company. The trial court sustained Kutter's motion to dismiss. We affirm.

The question to be resolved is whether or not Financial Guardian pled itself out of court by pleading "on or about July 1, 1979, said contract was not renewed." Because the employment contract containing the restrictive convenant was admittedly terminated before the restriction became operative, we hold that the trial court properly dismissed Financial Guardian's petition.

A petition is not to be dismissed for failure to state a claim unless it appears the plaintiff can prove no set of facts which would entitle it to relief. *Ghertner v. Lipton*, 563 S.W.2d 531, 532 (Mo.App.1978). Financial Guardian admitted Kutter was still in its employ when the employment contract was terminated. This admission necessarily prevented Financial Guardian from proving any facts which would entitle it to relief. Under the unambiguous terms of the contract, the covenant would come into play only if Kutter left Financial Guardian's employ during the contract term. The contract had to have been in effect at the end of Kutter's employment for the covenant to come into play. Since it terminated the contract, yet allowed Kutter to stay in its employ for eleven months after the termination, Financial Guardian cannot now seek to have the convenant enforced. As we have found no Missouri cases directly on point, we rely on *Jenkins v. King*, 224 Ind. 164, 65 N.E.2d 121 (1946) and *National Cash Register Co. v. Remington Arms Co., Inc.*, 212 A.D. 343, 209 N.Y.S. 40 (App.Div.1925).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.