John M. DIPPEL, Plaintiff-Appellant,

v.

ROKWELL INDUSTRIES, INC., and Equitable Life Assurance Society of the United States, Defendants-Respondents.

No. 50516.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 29, 1986.

Rehearing Denied Sept. 10, 1986.

Robert E. Morley, O'Fallon, for plaintiff-appellant.

Clyde C. Farris, Edward K. Fehlig, Clayton, for defendants-respondents.

KELLY, Judge.

John Dippel, plaintiff, appeals from a judgment in favor of defendant Rokwell Industries, Inc. in a court tried case in St. Louis County Circuit Court. Plaintiff's claim sought specific performance of a contract between defendant and himself to transfer a life insurance policy on plaintiff's life in exchange for plaintiff's stock in defendant company to the company. In the alternative, plaintiff sought a declaration of his rights with respect to defendant and Equitable Life Assurance Society of the United States (hereinafter insurer) under the insurance policy.[1]

The trial court found for defendant, Rokwell Industries, Inc., on the issue of specific performance of the contract. On the issue of plaintiff's interest in the life insurance policy, the trial court determined that Rokwell had the exclusive and sole interest in said policy.

Four points are assigned as error to this court, as follows: (1) the trial court erred in finding for Rokwell on the issue of specific performance because it erroneously applied contract law by failing to separate the offers in Rokwell's offer letter; (2) the trial court erred in finding for Rokwell on the issue of specific performance because it erroneously applied the law of tender; (3) the trial court erred in its declaration that Rokwell had the exclusive and sole interest in the life insurance policy because it ignored defendant's admission that plaintiff had one-fourth interest in the policy; and (4) the trial court erred by declaring the life insurance policy was unambiguous and

---

1. Equitable Life Assurance Society of the United States treated its role in the case as equivalent to a stakeholder. At the beginning of the trial the parties stipulated that the only relief being sought against Equitable was that Equitable be bound by the Court's determination of ownership interests in the policy. The trial court accepted this stipulation and Equitable did not participate further in the trial of the case. On appeal Equitable filed a brief responding only to Point IV of appellant's brief with respect to the trial court's finding that the policy of insurance was unambiguous.

owned by defendant. We reverse with directions.

The plaintiff began working for defendant corporation in 1956. He was an employee at will. Defendant is a close corporation involved in the metal fabricating business in St. Louis County. Plaintiff became an officer of the corporation in the early 1960's. In 1971, he became a director and shareholder. Without prior notice, the plaintiff was terminated on May 11, 1983. At the time of his termination from employment, the plaintiff owned 276 shares of the 30,000 outstanding shares of Rokwell Industries, Inc. common stock.

In 1963, defendant purchased a $50,000 policy of insurance on the plaintiff's life from the Equitable Life Assurance Company. The purchase was approved by defendant's Board of Directors. The policy premium of $1,446.00 was paid annually by defendant, however, $366.00 of the premium was allocated to plaintiff as additional annual income. The policy provided that upon the death of plaintiff, defendant would recover the amount of premiums paid with the balance payable to plaintiff's designated beneficiaries. Paragraph 12 of the policy application listed defendant corporation as the policy owner. Plaintiff acknowledged he saw the company listed on the policy application as policy owner. He also knew the insurance policy was listed as an asset on defendant's annual statements for over 20 years.

The day following plaintiff's termination, May 12, 1983, a letter drafted by counsel for defendant was hand delivered to plaintiff's residence by Nelson Smith, Vice-President and a Director of defendant corporation. The first paragraph of the letter requested that plaintiff resign as an officer and director of the company. Paragraph two provided that defendant would assign the Equitable life insurance policy to plaintiff in exchange for plaintiff's transfer of 276 shares of stock back to the company. Paragraph three stated that defendant would pay plaintiff his vacation pay. Paragraph four provided for defendant to continue making lease payments on the car driven by plaintiff for twelve months, after which plaintiff would assume all obligations of the lease. Paragraph five provided for monthly payments of $2,053.00 to plaintiff by defendant for the period May 12, 1983 to December 31, 1983. Paragraph six stated, "in consideration for the payment under four and five, you will agree ... not to compete with defendant within a 700 mile radius for three years." The letter was authorized by the Board of Directors of defendant.

Plaintiff, through his attorney, responded to defendant's letter of May 12, 1983 by letter dated May 20, 1983. Plaintiff offered to resign as a director. He advised acceptance of paragraph two of defendant's offer and acknowledged receipt of the vacation pay. Plaintiff further advised that he would return the leased car and refused acceptance of the non-competition agreement. The leased car was returned. Defendant never made payments under paragraph five.

■ Plaintiff first contends the trial court erred in finding for defendant on the issue of specific performance by erroneously applying contract law. We agree. The trial court held that paragraphs four, five and six of defendant's offer letter of May 12, 1983 constituted a single offer. This conclusion is correct because paragraph six expressly provides that the non-competition clause, if signed by the plaintiff, would serve as consideration for paragraphs four and five. Plaintiff refused to accept the non-competition clause and, therefore, defendant's performance of paragraph's four and five is excused.

■ Next, however, the trial court held that paragraphs one, two and three constituted a separate offer. We believe this to be an incorrect application of the law. Whether a contract is entire or severable depends upon the circumstances of the case. *Norman v. Ballentine*, 627 S.W.2d 836[2] (Mo.App.1981). Further, whether a contract is entire or severable is a question of the parties' intention, to be determined from the language used and the subject matter of the agreement. *Rexite Casting*

*Co. v. Midwest Mower Corp.,* 267 S.W.2d 327[7] (Mo.App.1954). The five criteria commonly used for aid in determining the intent of the parties are provided in *Swinney v. Continental Bldg. Co.,* 340 Mo. 311, 102 S.W.2d 111, 120[3] (1937). They are: whether the subject-matter of the contract is divisible, whether the consideration is entire or apportioned, whether the obligation is due at the same time to the same person, whether the contract is to take the whole or none, and whether the parties assented to all the promises as a single whole so that there would be no bargain whatever if any promise or set of promises were stricken out. Applying these factors to the present case leads us to conclude that defendant's offer to plaintiff was severable. Because the trial court properly construed paragraphs four, five and six of defendant's offer as one offer, we will address the offers contained in the first three paragraphs.

■ Clearly, the subject matter of paragraphs one, two and three are divisible. On the issue of consideration, apportionment is apparent. Specifically, in paragraph two, defendant offered to assign the life insurance policy to plaintiff in exchange for plaintiff's assignment of 276 shares of defendant's common stock back to defendant. As of May 12, 1983 the cash value of the policy, including dividends, was $31,429.29. Plaintiff communicated tender of the shares by letter to defendant May 20, 1983, eight days after defendant's offer. Plaintiff still stands ready to perform. Paragraph one requests that plaintiff resign from defendant's Board of Directors. Plaintiff also tendered his resignation by the same May 12, 1983 letter. Paragraph three provides that defendant will pay plaintiff three weeks vacation pay in the sum of $3,125.00. Defendant completed performance of this provision. Defendant's performance of paragraph three is further evidence that they did not intend the May 12, 1983 letter to stand or fall as an entire contract.

Balancing the foregoing factors can only lead to the conclusion that the parties did not intend defendant's offer as one of entirety. A judgment of the trial court must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.1976). We hold, therefore, the trial court erroneously applied the law to the present case. Accordingly, point one is ruled in favor of plaintiff.

Plaintiff next contends the trial court misapplied the law of tender. His May 20th letter offered the shares to defendant in exchange for assignment of the life insurance policy. Defendant argues plaintiff's May 20th letter was not a tender offer, but a rejection and counteroffer of their May 12th letter in its entirety. We are not persuaded by defendant's argument because, by its own concession, paragraphs one, two and three are severable from paragraphs four, five and six of the May 12th offer. Defendant's logic is difficult to follow because on the one hand, it concedes the trial court was correct in construing paragraphs four, five and six as one separate offer; while on the other hand, defendant argues plaintiff's tender of stock pursuant to paragraph two was a counter offer because plaintiff failed to perform paragraph six, i.e. sign the noncompete provision.

■ A tender is an *offer to perform* a contract with the present ability to do so. (emphasis ours). *Hogan v. Barnett & Co.,* 179 F.2d 836[3] (C.A.Mo.1950). Tender comprehends a readiness and willingness to perform. *North Star Apartments v. Goppert Bank and Trust Co.,* 657 S.W.2d 253[4] (Mo.App.1983). The plaintiff offered to tender the shares of stock to defendant. Plaintiff was, and is, ready and willing to perform paragraph two. In the present case, the trial court erred by equating actual performance, i.e. a physical delivery of the stock, with tender of performance. We rule point two in favor of the plaintiff.

Plaintiff's points three and four assert alternative arguments that, (a) the trial court erred by ignoring defendants admis-

sion that plaintiff had one-fourth interest in the policy; and (b) the trial court erred by finding the terms of the insurance policy unambiguous. We do not need to address the merits of these points because defendant contracted to assign the insurance policy to plaintiff.

On points one and two on plaintiff's appeal, we reverse and remand with instructions to the trial court to award specific performance to plaintiff. The defendant Rokwell Industries, Inc., is ordered to assign the Equitable Life Assurance Society of the United States policy No. 6323845 to the plaintiff. Accordingly, plaintiff is ordered to deliver to defendant, Rokwell Industries, Inc., 276 shares of Rokwell Industries, Inc. stock, duly endorsed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.