**SHELBINA VETERINARY CLINIC, a professional corporation, and Jack L. Neill, D.V.M., Plaintiffs/Respondents,**

v.

**Debra HOLTHAUS, D.V.M., Defendant/Appellant.**

No. 64960.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Feb. 7, 1995.

Steven E. Raymond, Shelbyville, for appellant.

Gary Wallace, Wallace, McConnell & Greenwell, Shelbina, for respondents.

CRANDALL, Presiding Judge.

Defendant, Debra Holthaus, D.V.M., appeals from the trial court's judgment in favor of plaintiffs, Shelbina Veterinary Clinic, a Professional Corporation, and Jack L. Neill, D.V.M., granting permanent injunctive relief to enforce a covenant not to compete which was contained in a written contract of employment. We affirm.

Plaintiff, Shelbina Veterinary Clinic, is a professional corporation wholly owned by plaintiff, Jack L. Neill, D.V.M., a practicing veterinarian (hereinafter both plaintiffs to be referred to collectively as "plaintiff"). Defendant, Dr. Debra Holthaus, D.V.M., also a practicing veterinarian, entered into a one-year employment contract with plaintiff. The contract set forth the terms of employment, including salary, reimbursement for services rendered on days off, work schedule, and vacation time. The contract also contained the following covenant not to compete: "A sum of $500.00 will be paid [sic] to [defendant] ... for not practicing veterinary medicine within a 35 mile radius of Shelbina, MO. This agreement will be in effect for 4 years after date of termination of employment for any reason." The contract took effect on defendant's first day of employment, which fell on July 5, 1989.

Prior to the expiration of the one-year contract, plaintiff and defendant orally agreed to change some of the terms of the written contract. The alterations pertained to days off work, compensation rate, emergency duty, and holidays. Plaintiff and defendant did not mention the covenant not to compete.

Defendant left plaintiff's employ on June 22, 1991. On July 8, 1991, she began working for a veterinary clinic located within the City of Shelbina, Missouri (Shelbina).

Plaintiff brought the present action, seeking to enforce the non-competition agreement. The trial court enjoined defendant from practicing veterinary medicine within a 35 mile radius of the City of Shelbina for a period of four years from the date of June 22, 1991. The court made written findings of fact and conclusions of law.

In her first point on appeal, defendant claims the trial court's findings of fact and conclusions of law were inadequate because the court's adoption of plaintiff's proposed findings of fact and conclusions of law failed to address the controverted issues on which she requested the court to rule.

Rule 73.01(a)(3) governs the procedure for the trial court's issuance of findings of fact and conclusions of law:

> If any party so requests before final submission of the case, the court shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if requested by counsel, shall, include its findings on such controverted fact issues as have been specified by counsel.

All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.

■ Here, defendant merely submitted proposed findings of fact and conclusions of law to the trial court; she did not specifically designate which issues were controverted for the court's findings thereon. Thus, defendant failed to comply with the requirements of Rule 73.01(a)(3). In addition, as to any issues on which the trial court failed to make specific findings, Rule 73.01(a)(3) states those issues are deemed to be found in accordance with the result reached by the trial court. The findings of fact and conclusions of law in the present case were adequate and exceeded the framed request by defendant. Defendant's first point is denied.

We address the next points on appeal out of order. In her third point, defendant challenges the trial court's finding that the contract was modified after one year and was in effect when she quit plaintiff's employ. The trial court found that "[s]aid contract of employment was not revoked during the term of Defendant's employment but was modified by subsequent oral agreement as to days of work, compensation rate, emergency duty and holidays only." She argues that the first contract either was cancelled by her or was terminated by its own terms after one year; and that when the parties agreed to different terms for the second year of employment, they entered into a new contract, which did not include a covenant not to compete.

Defendant relies on *Financial Guardian, Inc. v. Kutter*, 630 S.W.2d 197 (Mo.App.1982), to support her proposition that the contract was not in effect when she quit. In *Financial Guardian*, an insurance company brought an action against a former employee for breach of a covenant not to compete. The employment contract, entered into on July 1, 1975, prohibited the employee from competing for three years after leaving employment. *Id.* at 197. Financial Guardian's petition alleged the contract was not renewed on July 1, 1979, although the employee continued in the employ of Financial Guardian for approximately eleven months thereafter. *Id.* at 197–198. This court affirmed the trial court's dismissal of the insurance company's claim on the basis that the petition failed to state a claim. This court reasoned, "Under the unambiguous terms of the contract, the covenant would come into play only if [employee] left Financial Guardian's employ during the contract term. The contract had to have been in effect at the end of [employee's] employment for the covenant to come into play." *Id.* at 198. Because the contract expired, the covenant was not in effect and was not enforceable. *Id.*

*Financial Guardian* is distinguishable on its facts from the case before us. In the present action, defendant renegotiated certain terms of the employment contract with plaintiff prior to the expiration of the one-year contract and continued working for plaintiff the second year under those new terms. In contrast, the *Financial Guardian* employee did not negotiate a contract with altered terms at the end of the first employment contract, but let the original contract expire and continued working without a contract.

■ Whether the contract was modified was a question of fact for the trial court. Here, the evidence was that defendant renegotiated with plaintiff for a change in certain terms of the original contract, but did not renegotiate the terms of the non-competition agreement contained therein. There was evidence from which the trial court could conclude that the original contract was modified, rather than being terminated or revoked. Defendant's third point is denied.

In her sixth point, defendant contends that the trial court erred in finding that plaintiff did not breach the employment contract. Defendant argues that plaintiff breached the employment contract and that his breach barred enforcement of the non-competition agreement. The court specifically found, "Plaintiffs did not materially breach the employment contract."

■ The materiality of a breach is usually a question of fact. *McKnight v. Midwest Eye Institute of Kansas City, Inc.*, 799 S.W.2d 909, 915 (Mo.App.1990). We have reviewed the record and find that the trial court's finding on the issue of plaintiff's

breach is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An opinion on this point would have no precedential value. Point six is denied pursuant to Rule 84.16(b).

Returning to defendant's second point on appeal, she asserts the trial court erred in finding the covenant not to compete was severable from the written contract of employment on the basis that it was supported by separate consideration; namely, the payment of $500.00.

▇▇▇ Whether a contract is entire or severable depends upon the circumstances of the case. *Dippel v. Rokwell Industries, Inc.,* 715 S.W.2d 553, 555 (Mo.App.1986). The concept of divisibility, however, arises in two contexts: one relates to the enforcement of one part of the agreement when another part is unenforceable on the grounds of public policy; the other relates to whether a party in default under one part of the contract may nevertheless recover under another part. *McKnight,* 799 S.W.2d at 918.

▇▇▇ The concept of severability is not important to the issues in this case. In the present case, for the covenant not to compete to be divisible from the employment contract, it would be necessary to find that despite plaintiff's breach of the employment contract, he was entitled to enforce the non-competition agreement contained in that contract. Under point six, we determined that there was no error in the trial court's finding that plaintiff did not breach the underlying employment contract. Given the lack of a breach of contract, defendant's claim of error regarding the severability of the non-competition agreement from the employment contract is immaterial. Defendant's second point is denied.

We have reviewed the remaining points on appeal and find the findings of the trial court with regard to each point are supported by substantial evidence and are not contrary to the weight of the evidence. No error of law appears. A written opinion on these points

would have no precedential value. The points are denied. *See* Rule 84.16(b).

The judgment of the trial court is affirmed.[1]

CRAHAN and WHITE, JJ., concur.

---

1. Defendant's motion to remand to the trial court to dissolve the injunction is denied without preju-

