Jeffrey SHAFFER, Respondent,

v.

ROYAL GATE DODGE,
INC., Appellant.

No. ED 92839.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 8, 2009.

James C. Ochs, Clayton, MO, for appellant.

John Campbell, St. Louis, MO, for respondent.

## PATRICIA L. COHEN, Judge.

### *Introduction*

Defendant Royal Gate Dodge, Inc. appeals the trial court's denial of its motion to stay proceedings and compel arbitration of the claims brought against it by plaintiff Jeffrey Shaffer. Royal Gate claims that the trial court erred in denying its motion to compel arbitration because the arbitration agreements Mr. Shaffer signed in connection with the purchase of his automobile were valid and enforceable. We affirm.

### *Factual and Procedural Background*

In June 2006, Mr. Shaffer purchased a vehicle from Royal Gate. In connection with this purchase, Royal Gate charged Mr. Shaffer a "processing fee" of $75 for the preparation and processing of the documents relating to the sale and financing of the vehicle. Mr. Shaffer also signed three documents: a Missouri Retail and Installment Contract and two buyer's orders, containing agreements to submit all controversies or claims to binding arbitration. These arbitration agreements also contained provisions waiving the right to bring or participate in class action lawsuits and class action arbitration.[1]

On November 16, 2007, Mr. Shaffer sued Royal Gate for damages on behalf of himself and others similarly situated whom Royal Gate charged a processing fee in connection with the purchase or lease of a motor vehicle or other property. In his second amended class action petition, Mr. Shaffer claimed that Royal Gates was liable for: (1) the unauthorized practice of law in violation of Section 484.010 R.S.Mo.; (2) deceptive and unfair practices in violation of the Merchandising Practices Act, Section 407.010 *et seq.*, R.S.Mo.; (3) money had and received; (4) negligence per se; and (5) negligence.

On August 18, 2008, Royal Gate filed a motion to stay action and compel arbitration, arguing that the arbitration agreements contained in the Missouri Retail Installment Contract and the two buyer's

---

1. The arbitration agreement contained in the Missouri Retail and Installment Contract reads:

   You agree to give up any right you may have to bring a class-action lawsuit or class arbitration, or to participate in either as a claimant, and you agree to give up any right you may have to consolidate your arbitration with the arbitration of other....

   Any claim or dispute is to be arbitrated on an individual basis and not as a class action.

   The buyer's orders state, "Purchaser waives purchaser's right to participate as a representative or member of a class of claimants pertaining to any claims subject to the arbitration provisions of the agreement."

orders signed by Mr. Shaffer were valid and enforceable. In his response to Royal Gate's motion to compel arbitration, Mr. Shaffer asked the trial court to deny the motion because (1) Royal Gate had waived its right to arbitration, and (2) the arbitration agreement was unconscionable and therefore unenforceable. The trial court entered an order holding that the "arbitration clause [was] unenforceable" and denied Royal Gate's motion to compel arbitration.[2] Royal Gate appeals.

### Standard of Review

We review the denial of a motion to compel arbitration *de novo*. *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003).

### Discussion

■ Under the Federal Arbitration Act (FAA), arbitration agreements that affect interstate commerce are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[3] 9 U.S.C. § 2 (2009). "Accordingly, generally applicable state law contract defenses, such as fraud, duress and unconscionability, may be used to invalidate arbitration agreements without contravening the FAA." *Whitney v. Alltel Commc'ns, Inc.*, 173 S.W.3d 300, 308 (Mo.App. W.D.2005) (quotation omitted).

■ Our task is to determine whether Royal Gate's arbitration agreement, which waives its customers' right to class arbitration, is unconscionable. There are two aspects of unconscionability: procedural unconscionability and substantive unconscionability. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. banc

2006). Procedural unconscionability focuses on the contract formation process, while substantive unconscionability refers to "an undue harshness in the contract terms" themselves. *Id.* Generally, there must be both procedural and substantive unconscionability before a contract or clause can be voided. *Whitney*, 173 S.W.3d at 308. However, "procedural unconscionability does not need to be significant when substantive unconscionability is present." *Ruhl v. Lee's Summit Honda*, —— S.W.3d ——, ——, 2009 WL 3571309, *5 (Mo.App. W.D.2009).

In light of this agreement's considerable substantive unconscionability, we need not find significant procedural unconscionability. *See id.* However, we note that indicia of procedural unconscionability were present in this contract formation process. Specifically, the arbitration agreements were pre-printed form contracts, the parties did not negotiate the terms of the arbitration agreements, Royal Gate enjoyed a superior bargaining position, and the arbitration agreement contained in the Missouri Retail Installment Contract's arbitration agreement appeared in fine print. *See id.*; *see also Woods v. QC Fin. Servs., Inc.*, 280 S.W.3d 90, 96 (Mo.App. E.D. 2008); *Whitney*, 173 S.W.3d at 310.

■ "An arbitration clause that defeats the prospect of class-action treatment in a setting where the practical effect affords the defendant immunity" is substantively unconscionable and therefore unenforceable. *Ruhl*, —— S.W.3d at ——, 2009 WL 3571309, at *5 (quoting *Woods*, 280 S.W.3d at 100). Royal Gate's arbitration agreement effectively immunizes it from liability

---

2. Because the trial court denied Royal Gate's motion to compel arbitration on the grounds that the arbitration agreement was unenforceable, and we affirm on the same grounds, we need not consider the issue of waiver.

3. The parties do not dispute that the FAA applies to this case.

for its allegedly improper practice of charging customers a processing fee for document preparation because the expense of pursuing a claim in individual arbitration far exceeds the value of the $75 processing fee and the potential damages available under Sections 407.025 and 484.020. Mo.Rev.Stat. §§ 407.025, 484.020.2; *Whitney,* 173 S.W.3d at 312. Even if an individual consumer were inclined to pursue a claim for the relatively small processing fee, "[a]n attorney will not find it an attractive risk to represent consumers on these claims because the potential recovery is so low." *Ruhl,* —— S.W.3d at ——, 2009 WL 3571309 at *6. By foreclosing the possibility of class arbitration, Royal Gate "has precluded the possibility that a group of its customers might join together to seek relief that would be impractical for any of them to obtain alone." *Woods,* 280 S.W.3d at 98 (quotation omitted).

The arbitration agreement also insulates Royal Gate from "the spectre of a ruling that would have precedential effect and value" on its business practice. *See Woods,* 280 S.W.3d at 98. "Because damages in consumer cases are often small and because a company which wrongfully exacts a dollar from each of millions of customers will reap a handsome profit . . . the class action is often the only effective way to halt and redress such exploitation." *Id.* at 98 (quotation omitted). In this case, Royal Gate is collecting an allegedly illegal processing fee of $75 to $100 per sales transaction. As a result, Royal Gate is in a position to wrongfully obtain thousands of dollars. Without the deterrent prospect of class treatment, Royal Gate has no incentive to cease the allegedly improper practice of charging consumers a processing fee for document preparation. *See Ruhl,* —— S.W.3d at ——, 2009 WL 3571309 at *6. (holding that the class waiver "would immunize [dealership] from

[consumers'] claims and allow it to continue in its alleged deceptive practices against individuals purchasing a new car."); *Whitney,* 173 S.W.3d at 314 (holding that "since no single customer could undertake a case against [the defendant], the company could continue its improper and deceptive charges *ad infinitum* since none of its customers would have a practical remedy to bring about a stop to the conduct.").

Finally, the arbitration agreement at issue is unconscionable because "it effectively strip[s] consumers of the protections afforded to them under the Merchandising Practices Act and unfairly allows companies . . . to insulate themselves from the consumer protection laws of this State." *Whitney,* 173 S.W.3d at 314. The MPA protects consumers by prohibiting false, fraudulent, or deceptive merchandising practices and authorizes class action lawsuits when a business's unlawful conduct causes similar injury to "numerous other persons." Mo.Rev.Stat. §§ 407.020, 407.025.2. In light of the strong public policy behind the MPA, the Missouri Supreme Court has found that "the Missouri legislature would not want the protections of Chapter 407 to be waived by those deemed in need of protection." *Huch v. Charter Commc'ns, Inc.,* 290 S.W.3d 721, 725, 726 (Mo. banc 2009) (quotation omitted).

The Western District recently found a class waiver provision unconscionable under almost identical circumstances. *Ruhl,* —— S.W.3d at ——, 2009 WL 3571309 at *5. In *Ruhl,* the plaintiff sued the defendant car dealership on behalf of herself and others similarly situated for the unauthorized practice of law and violation of the MPA based on the defendant's practice of charging customers an "administrative fee" of about $200. *Id.* at ——, at *1.

The defendant filed a motion to compel, asking the court to enforce the arbitration agreement in which the plaintiff waived her ability to bring or participate in a class action. *Id.* at ———— ————, at *1–2. The court affirmed the trial court's holding that the arbitration agreement was substantively unconscionable because it effectively immunized the defendant from consumer claims based on the allegedly illegal document preparation fee. *Id.* at ———, at *6.

 Having concluded that the agreement to waive class arbitration is unconscionable, we next consider whether the offending provision renders the entire arbitration agreement unenforceable. We find that it does. "Whether a contract is severable ... depends on the circumstances of the case and is largely a question of the parties' intent." *Woods*, 280 S.W.3d at 99. If an unenforceable term is essential to the entire agreement, then it may render the remainder of the agreement unenforceable. *Swain v. Auto Servs., Inc.*, 128 S.W.3d 103, 108 (Mo.App. E.D.2003). The absence of a severability clause tends to indicate that a contract is entire and not severable. *See Hays v. Mo. Highways & Transp. Comm'n*, 62 S.W.3d 538, 542 (Mo.App. W.D.2001). Royal Gate's agreements with Mr. Shaffer did not contain a severability clause. *'Cf. Ruhl*, —— S.W.3d at ———, 2009 WL 3571309 at *6, n. 7. Moreover, Royal Gate stated at oral argument that the class waiver provision was essential to its arbitration agreement because Royal Gate's payment of certain fees and costs was based on an expectation that arbitration would be limited to individuals. Given that neither party sought to sever the unconscionable class waiver provision from the arbitration agreement and the trial court did not expressly rule on this issue, we decline to sever the class waiver provision in order to render the arbitration agreement enforceable.

### Conclusion

The trial court's denial of the motion to compel arbitration is affirmed.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., concur.