Ashlee **RUHL, on behalf of herself and all others similarly situated,**
Respondent,

v.

**LEE'S SUMMIT HONDA, Appellant.**

**No. SC 90601.**

Supreme Court of Missouri,
En Banc.

Aug. 31, 2010.

Motion for Rehearing or for Stay Issuance Mandate Denied Oct. 26, 2010.

Patric S. Linden, Kevin D. Case, David J. Roberts, Case & Roberts PC, Kansas City, for Appellant.

Mitchell L. Burgess, Keith C. Lamb, Burgess and Lamb PC, Ralph Phalen, Phalen Law Firm, Kansas City, for Respondent.

RICHARD B. TEITELMAN, Judge.

Lee's Summit Honda appeals a judgment denying its motion to compel Ashlee Ruhl to arbitrate her individual claims against it. Ruhl filed a class action suit against Honda, seeking damages for its unauthorized practice of law, section 484.020,[1] and its deceptive practices connected with the sale of merchandise under the Missouri merchandising practices act (MPA), sections 407.010 to 407.130. Honda claims that the trial court erred in failing to compel arbitration because the claims were within scope of the parties' arbitration agreement, the unauthorized practice of law claim was subject to arbitration and the arbitration agreement was valid. The judgment is affirmed, and the case is remanded.

## FACTS

Ruhl purchased and financed a new car from Honda. She signed a retail purchase agreement, describing her total purchase price to include a "Cash Price of Vehicle," "Other Goods/Services" and a "Dealership Administrative Fee" of $199.95. Ruhl also signed an arbitration agreement that waived her opportunity to participate in a class action.

Ruhl, on behalf of herself and others who paid the fee as part of the purchase price, sued Honda for damages on two counts and sought class certification. The first count alleged that Honda engaged in the unauthorized practice of law or conducted legal business violating section 484.020 because it charged a fee separate from other sale costs for preparing legal instruments to finance the transactions. The second count alleged that Honda engaged in unfair and deceptive practices connected with the sale of merchandise under section 407.010 based on the same alleged conduct. Ruhl sought treble damages under section 484.020, attorney fees and costs, costs for class notice and administration, and punitive damages under section 407.025.

Honda filed an answer and motion to compel arbitration. The trial court overruled Honda's motion to compel, finding that the claim of unauthorized practice of law is not subject to arbitration because the courts exclusively decide what constitutes the unauthorized practice of law. The trial court also found the arbitration agreement to be procedurally and substantively unconscionable. On appeal, Honda asserts that the trial court erred in determining that Ruhl's claims are beyond the scope of the arbitration agreement, that Ruhl's unauthorized practice of law claim is subject to arbitration and that the class arbitration waiver was not unconscionable.

## ANALYSIS

### I. Standard of Review

The denial of a motion to compel arbitration is reviewed de novo. *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 21 (Mo.App.2008). The judgment will be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Woods v. QC Financial Services, Inc.*, 280 S.W.3d 90, 94 (Mo.App. 2008). The issue of whether a dispute is subject to arbitration is subject to de novo review. *Id.* In reviewing the trial court's decision, this Court is concerned primarily with the correctness of the trial court's result, not the route taken by the trial

1. Statutory references are to RSMo 2000 and RSMo Supp.2008.

court to reach that result. *Business Men's Assurance Co. of Am. v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999)

## II. *Scope of the arbitration contract*

 Honda argues that the trial court erred in determining that Ruhl's claims did not fit within the scope of the agreement because the purchase price of the new vehicle was a term of the contract and, as such, is covered by the arbitration contract. A party is not required to arbitrate matters that it has not agreed to arbitrate. *Stolt–Nielsen v. AnimalFeeds International Corp.*, — U.S. —, 130 S.Ct. 1758, 1775, 176 L.Ed.2d 605 (2010). There is a strong presumption in favor of arbitrability, and the trial court should order arbitration of any dispute that "touches matters covered by the parties' contract." *Kansas City Urology, P.A. v. United Healthcare Services*, 261 S.W.3d 7, 12 (Mo.App.2008).

In pertinent part, the arbitration agreement in this case provides:

[The Parties agree] to settle by binding arbitration any dispute between them regarding: (1) the purchase/lease by Customer(s) of the above-referenced Vehicle; ... (4) any dispute with respect to the existence, scope or validity of this Agreement. Matters that the Parties agree to arbitrate include ... any alleged unfair, deceptive, or unconscionable acts or practices.

The underlying allegation for Ruhl's claims is that Honda unlawfully is charging a fee to prepare legal documents to finance vehicles. Therefore, any damages for Ruhl's claims are based on refunding the charged fee, which is a component of the total purchase price listed in the contract. Ruhl's claim is within the scope of the arbitration agreement because her claims

challenging the fee constitute a dispute regarding the purchase of the vehicle.

## III. *Unconscionability*

 Although Ruhl's claim falls within the scope of the arbitration contract, it does not necessarily follow that her claim is subject to arbitration. The dispositive issue is whether the class arbitration waiver is unconscionable. In *Brewer v. Missouri Title Loans, Inc.*, 323 S.W.3d 18 (Mo. banc 2010), this Court recognized, following the rationale of *Stolt–Nielsen v. AnimalFeeds International Corp.*, — U.S. —, 130 S.Ct. 1758, 176 L.Ed.2d 605 (2010), that a party cannot be subjected to class arbitration unless the arbitration contract indicates consent to class arbitration. In this case, as in *Brewer*, the class arbitration waiver makes it clear that Honda did not consent to class arbitration. Because Honda cannot be compelled to participate in class arbitration, it is an insufficient remedy simply to sever an unconscionable class waiver. If the class waiver is severed, then Ruhl would be required to pursue her claim under the very circumstances held to be unconscionable under Missouri law. Therefore, if the class waiver is unconscionable under *Brewer*, the appropriate remedy in this case is to invalidate the entire arbitration agreement as unconscionable.

 There was substantial evidence to support the trial court's judgment that the class arbitration waiver in this case was unconscionable.[2] If Ruhl prevailed on her unauthorized practice claim, her maximum recovery would be approximately $600. If she succeeded on the MPA claim, Ruhl's actual damages would total $200 plus the possibility of attorney fees and punitive

**2.** In *Brewer*, this Court recognizes that unconscionability can be procedural, substantive or a combination of both. There is no need in all cases to show both aspects of unconscionability.

damages. Section 407.025. The opportunity to recover attorney fees is not sufficient to prevent finding a class waiver unconscionable. *Woods*, 280 S.W.3d at 97–98 (Mo.App.2008). The same is true here. An attorney will not find it an attractive risk to represent consumers on these claims because the potential recovery is so low.[3] Furthermore, the MPA grants consumers the right to bring a class action if they meet certain requirements under section 407.025. To enforce the class action waiver in a situation of unequal bargaining power, on a preprinted form, unfairly would deprive consumers of the only practical means of retaining counsel to navigate the complexities of consumer law effectively. Consequently, the class waiver provision would immunize Honda from individual consumer claims, likely brought without the assistance of counsel, and allow it to continue in its alleged deceptive practices against individuals purchasing a new car. *See Woods*, 280 S.W.3d at 99. The trial court did not err in concluding that the arbitration clause was unconscionable.

As in *Brewer*, invalidating the class waiver does not remedy the unconscionable aspects of the arbitration contract. Because the class waiver is unconscionable, requiring Ruhl to submit to arbitration would force her to pursue her claim under the very circumstances held to be unconscionable under Missouri law. Therefore, the trial court determined correctly that Ruhl should not be required to submit to arbitration. *Brewer*, at 21.

## CONCLUSION

The judgment is affirmed,[4] and the case is remanded.

RUSSELL, WOLFF and STITH, JJ., concur; PRICE, C.J., dissents in separate opinion filed; BRECKENRIDGE and FISCHER, JJ., concur in opinion of PRICE, C.J.

WILLIAM RAY PRICE, JR., Chief Justice, dissenting.

I would not invalidate the arbitration agreement in its entirety for the reasons set out in *Brewer v. Missouri Title Loans*, 323 S.W.3d 18 (Mo. banc 2010) (Price, C.J., dissenting). Further, the majority misstates the law. Missouri has always required a showing of both procedural and substantive unconscionability before a court will void a contract. *Lawrence v. Beverly Manor*, 273 S.W.3d 525, 531 (Mo. banc 2009) (Norton, J., concurring); *Repair Masters Const., Inc. v. Gary*, 277 S.W.3d 854, 858 (Mo.App.2009); *Shaffer v. Royal Gate Dodge, Inc.*, 300 S.W.3d 556, 559 (Mo.App.2009); *Kansas City Urology, P.A. v. United Healthcare Services*, 261 S.W.3d 7, 15–16 (Mo.App.2008); *Woods v. QC Financial Services, Inc.*, 280 S.W.3d 90, 95 (Mo.App.2008); *Whitney v. Alltel Communications, Inc.*, 173 S.W.3d 300, 308 (Mo.App.2005); *Funding Systems Leasing Corp. v. King Louie International*, 597 S.W.2d 624, 634 (Mo.App.1979); *Cicle v. Chase Bank USA*, 583 F.3d 549, 554 (8th Cir.2009); *Pleasants v. American Express Company*, 541 F.3d 853, 857 (8th Cir.2008).

Lastly, this case has two other issues resulting from the Missouri merchandising practices act, sections 407.010 et. seq. and section 484.020, RSMo 2000. First, although the act expressly provides the stat-

---

3. The availability of attorney fees under section 407.025 indicates the legislature anticipated that consumers need an attorney for successful vindication of the rights extended by the MPA.

4. Because the arbitration contract is wholly unenforceable, there is no need to determine whether Ruhl's claim of unauthorized practice of law is subject to arbitration.

utory remedy of class action procedures for violations of the act, this authorization is permissive, not mandatory. § 407.025. There is nothing in the language of the act to suggest that the statutory remedy could not be waived by written agreement of the parties. Second, section 407.025 provides for the recovery of punitive damages and attorneys fees, and section 484.020 provides treble damages. These additional awards specified by the legislature present further incentive for an aggrieved individual to bring suit, and they undercut the majority's rationale that class action procedures are required for an adequate remedy.